**PING WANG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 06–4840–ag.

United States Court of Appeals, Second Circuit.

March 12, 2008.

Ping Wang, Rosemead, CA, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director; Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ping Wang, a native and citizen of the People's Republic of China, seeks review of a September 27, 2006 order of the BIA affirming the March 1, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Wang*, No. A 97 660 983 (B.I.A. Sept. 27, 2006), *aff'g* No. A 97 660 983 (Immig. Ct. N.Y. City Mar. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly adopt the decision of the IJ, but its brief opinion closely tracks the IJ's reasoning, we review both the BIA's and the IJ's decisions for the sake of completeness. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review

the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

For all appeals filed after September 25, 2002, the BIA is not permitted to engage in de novo review of an IJ's factual findings. *See* 8 C.F.R. § 1003.1(d)(3)(i); *In re S-H-*, 23 I. & N. Dec. 462, 466 (B.I.A. 2002) ("Under the new regulatory provisions, the Board will not engage in de novo review of findings of fact determined by an Immigration Judge in any case in which the appeal is filed on or after September 25, 2002."). Rather, "[f]acts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i). *See also id.* § 1003.1(d)(3)(iv). The BIA's independent assessment of portions of the record not relied on by the IJ is classic de novo review, which constitutes legal error and requires remand, *see Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.*, 470 F.3d 509, 514–15 (2d Cir.2006), unless remand would be futile, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401–02 (2d Cir.2005).

■ Here, the BIA engaged in improper fact-finding when it independently assessed the record to determine that Wang had not engaged in conduct constituting "other resistance to a coercive population control program." *See* 8 U.S.C. § 1101(a)(42). The IJ had not made any

findings pertinent to this issue. By relying on facts not found by the IJ, the BIA exceeded its regulatory authority. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296 (2d Cir.2006) (finding that BIA did not engage in improper fact-finding when it based its decision on an inconsistency noted in a previous decision by the IJ).

▮ We conclude, however, that there is no realistic possibility that, absent this error, the agency would reach a different conclusion on remand, and thus remand would be futile. *See Cao He Lin,* 428 F.3d at 401–02. First, the IJ correctly determined that Wang failed to demonstrate past persecution as a result of his girlfriend's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (in banc) ("[A]pplicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"). Second, the record supports the agency's conclusion that Wang—who is not married and has no children and who submitted no evidence suggesting that the Chinese government maintains an active interest in him or those similarly situated—has a fear of persecution that is too speculative to constitute a well-founded fear. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (per curiam).

▮ Further, the record supports the BIA's conclusion that Wang's claim based on his allegedly illegal departure from China was without merit. Although Wang asserted in his Form I–589 that he feared incarceration if returned to China because

he "left China without permission," he failed to provide any testimony regarding this claim. In his brief to the BIA, Wang more specifically argued that, by violating the family planning policy shortly before his departure, he harmed "the security, honor, or interests of China," in violation of Chinese law. However, to the extent that this claim is distinct from his family planning claim, the BIA properly found that Wang failed to provide any "objective, corroborative evidence to support his generalized fears of severe punishment because he left without permission and after violating the coercive population control laws." There is nothing in the record suggesting that Wang would be persecuted or tortured upon repatriation.[1] Accordingly, Wang failed to establish eligibility for relief based on this claim. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (holding that CAT relief is not warranted in the absence of particularized evidence).

Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim based on either his family planning or illegal departure claims, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

---

1. Wang attempts to remedy this by including in his brief to this Court selections from State Department country reports and other evidence. This evidence fails to establish that Wang violated Chinese law and is, in any event, beyond the scope of our review. *See* 8 U.S.C. § 1252(b)(4)(A).