09-4626-ag
Wang v. Holder

BIA
A097 660 983

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand ten.

PRESENT:

      ROGER J. MINER,
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

_____

PING WANG,
      *Petitioner*,

      v.                         09-4626-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:          Ping Wang, *pro se*

FOR RESPONDENT:       Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ping Wang, a native and citizen of the People's Republic of China, seeks review of the October 7, 2009 order of the BIA denying his motion to reopen. *In re Ping Wang*, No. A097 660 983 (B.I.A. Oct. 7, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wang's motion to reopen, filed in February 2009, was untimely where the BIA issued its final order of removal in September 2006. *See id.*

The BIA did not abuse its discretion in declining to equitably toll the time period for filing Wang's motion to reopen because he failed to demonstrate that he exercised due diligence in pursuing reopening of his removal proceedings. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006); *see also Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008) (providing that an alien is required to demonstrate "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed"). Insofar as Wang alleges that the ineffective assistance of his prior counsel included the omission of information from his asylum application, the failure to prepare him for his merits hearing, and the failure to elicit his testimony sufficiently during his merits hearing, Wang "should have . . . discovered" these deficiencies at the time of his merits hearing, in March 2005. *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000); *see also Rashid*, 533 F.3d at 132 n.3 (recognizing that "even an alien who is unfamiliar with the technicalities of immigration law can, under certain circumstances, be expected to comprehend that he has received ineffective assistance without being explicitly told so by an attorney"). Moreover, the BIA did not abuse its discretion in finding that Wang's reliance on an "immigration consultant" was insufficient to establish his due diligence, particularly in light of the fact that Wang did not, in fact, pursue an ineffective assistance of counsel claim through her, but instead filed a petition for review. *See Rashid*, 533 F.3d at 132; *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The agency also reasonably denied Wang's motion based on its alternative finding that he failed to show that his former counsel's conduct was prejudicial. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (to prevail on a claim of ineffective assistance of counsel, a petitioner must show that competent counsel would have acted otherwise, and that he was prejudiced by his counsel's conduct); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (same).

As the BIA noted, Wang's claim based on his girlfriend's forced abortion could not, *per se*, establish his eligibility for asylum. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 314 (2d Cir. 2007) (en banc). Wang contends that his former counsel failed to present his additional claims that, due to his girlfriend's forced abortion he became depressed and was unable to keep his job and that officials harassed his parents. Because he did not assert that he

2

resisted the family planning rules, however, it is unlikely that his claims would be found to constitute persecution on account of a protected ground. *See id.* at 308-10 (applicants who have not personally undergone forced sterilization must base their claim on "persecution that they themselves have suffered or must suffer" on account of their "other resistance" to a coercive family planning policy); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340-41 (2d Cir. 2006) (noting that persecution does not encompass "mere harassment"); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (To establish economic persecution, an applicant must show at least a "deliberate imposition of a substantial economic disadvantage."). Finally, Wang's additional claims fail to overcome the BIA's finding, upheld in this Court's 2008 order, that he failed to establish his eligibility for relief because he submitted no evidence that the Chinese authorities maintain an active interest in him, and, thus, he failed to establish that he had a well-founded fear of persecution. *See Ping Wang v. Mukasey*, 269 Fed. App'x 43, 46 (2d Cir. 2008) (unpublished).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk