13-3572
*Cajamarca Romero v. Holder*

BIA
Weisel, IJ
A076 579 088

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fifteen.

PRESENT:
        AMALYA L. KEARSE,
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
                *Circuit Judges.*
_____

MIGUEL CAJAMARCA ROMERO, AKA
MIGUEL KAJAMARCA ROMERO, AKA
MIGUEL CAJAMARCA, AKA MIGUEL O.
ROMERO, AKA MIGUEL OSWALDO
CAJAMARCA, AKA MIGUEL ROMERO,
                *Petitioner*,

        v.                                                      13-3572


ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                *Respondent*.
_____

FOR PETITIONER:              Mary Foden, Law Office of Maria Luisa de Castro
                             Foden, Hartford, CT.

FOR RESPONDENT:              Kerry A. Monaco, Trial Attorney, Office of
                             Immigration Litigation; Linda S. Wernery, Assistant

Director, Office of Immigration Litigation; Stuart F. Delery, Assistant Attorney General, Civil Division; United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Miguel Cajamarca Romero, a native and citizen of Ecuador, seeks review of an August 26, 2013, decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") order of removal and denying his motion to remand. *In re Miguel Cajamarca Romero*, No. A 076 579 088 (B.I.A. Aug. 26, 2013), *aff'g* No. A076 579 088 (Immig. Ct. N.Y. City Oct. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In this Court, Cajamarca challenges the BIA's denial of his motion to remand based on new evidence that he had remarried. "The BIA has 'broad discretion' to deny a motion to remand grounded on new evidence." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). "Permissible reasons to deny such a motion include . . . the movant's failure to make a prima facie case of eligibility" for the relief sought. *Id.* The BIA concluded that Cajamarca failed to demonstrate his prima facie eligibility for cancellation of removal.

That decision was not an abuse of discretion. Cancellation of removal requires, *inter alia*, that the applicant have a 'qualifying relative' who is a citizen or lawful permanent resident. *See* 8 U.S.C. § 1229b(b)(1). In his motion to remand, Cajamarca notified the BIA that he had married Maria Bonilla, who intended to seek cancellation of removal. However, Bonilla could not serve as Cajamarca's qualifying relative until she was granted cancellation of removal and became a lawful permanent resident. *Cf. Matter of Bautista*, 23 I & N Dec. 893, 894 (B.I.A. 2006)

2

(explaining that changed circumstances, including "marriage to a lawful permanent resident or citizen," may warrant reopening removal proceedings). Cajamarca now argues that Bonilla's son (now his stepson) may serve as his qualifying relative for purposes of cancellation of removal. But Cajamarca did not present any evidence to the BIA that he had a stepson who could serve as his qualifying relative, or any evidence that his stepson would face hardship if he were removed from the United States. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring a showing that "the alien's spouse, parent, or child" would be subject to "exceptional and extremely unusual hardship" in order for such an alien to be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)). Cajamarca now argues that the BIA should have considered the potential for his stepson to serve as his qualifying relative by examining the records from Bonilla's removal proceedings. But it was Cajamarca's burden—not the BIA's—to make out a prima facie case.

Cajamarca's additional challenges to the BIA's decision fail. He argues that the BIA engaged in impermissible factfinding when it stated, in a footnote to its August 2013 decision, that "[i]nternal agency records show that the removal proceedings for the respondent's current wife have been administratively closed." A.R. 3. Yet Cajamarca acknowledges that the BIA is permitted to "tak[e] administrative notice of . . . the contents of official documents." Petitioner's Br. at 15 (quoting 8 C.F.R. § 1003.1(d)(3)(iv)). The record at issue here—reflecting the status of Bonilla's removal proceedings—may well constitute an "official document" because it is akin to a docket sheet or court record. *See, e.g.*, *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007) ("[T]he BIA was entitled to take administrative notice of" a New York State Appellate Division decision "as contents of an official document.") (internal quotation marks and brackets omitted). We need not decide the question, however, because the BIA's purported factfinding was in any event not necessary to support its conclusion that Cajamarca failed to make out a prima

3

facie case, given that it was undisputed that Bonilla's application for cancellation of removal had not been granted. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) ("[O]ur responsibility to examine the IJ's reasoning and her analysis does not require that we remand based on an error when the IJ also rests her determination on an acceptable independent basis."); *Ping Wang v. Mukasey*, 269 F. App'x 43, 46 (2d Cir. 2008) (summary order) (denying a petition for review despite concluding that the BIA had engaged in impermissible factfinding because "there is no realistic possibility that, absent this error, the agency would reach a different conclusion on remand").

Cajamarca also argues that the administrative closure of Bonilla's case did not foreclose relief because, at any time, Bonilla could have had her case re-calendared, and then the IJ could have permitted Cajamarca's case to "ride" along with it. Consequently, argues Cajamarca, the BIA was wrong to infer that "there is no certainty" that Bonilla's application would be granted. But for Cajamarca to be prima facie eligible for cancellation of his removal proceedings based on Bonilla's status as a qualifying relative, Bonilla's application needed to be more than a "certainty"; it needed to have been granted. Cajamarca's argument to the contrary is without merit.

## CONCLUSION

We have considered all of Cajamarca's arguments and find them to be without merit. Accordingly, we **DENY** his petition for review of the BIA's decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4