[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11419

_____

Agency No. A058-742-537

EMMANUELY GERMAIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 18, 2021)

Before BRANCH, GRANT, and JULIE CARNES, Circuit Judges.

BRANCH, Circuit Judge:

Emmanuely Germain seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his motion to terminate removal and application for cancellation of removal. Germain argues that the BIA erred in affirming the IJ's determination that Germain had been convicted of an "aggravated felony," as defined by the Immigration and Nationality Act ("INA"), which rendered him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and made him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a).

The INA defines "aggravated felony" as, among other things, "an offense . . . described in section 1546(a) of [Title 18] (relating to document fraud) . . . for which the term of imprisonment is at least 12 months." 8 U.S.C. § 1101(a)(43)(P). It is undisputed that Germain was convicted of four counts of violating 18 U.S.C. § 1546(a) for making false statements in an immigration application and sentenced to 18 months' imprisonment for each of those convictions. Germain argues, however, that he did not commit an "aggravated felony" under § 1101(a)(43)(P) because his convictions under § 1546(a) were not "(relating to document fraud)." In other words, Germain maintains that the parenthetical phrase "(relating to document fraud)" limits the violations of § 1546(a) that constitute aggravated felonies under § 1101(a)(43)(P). Because all four paragraphs of § 1546(a) relate to document fraud and the plain text and structure of the INA demonstrate that the

2

parenthetical "(relating to document fraud)" is merely descriptive of § 1546(a)—rather than limiting—Germain's argument fails.  We deny Germain's petition for review.

## I.    Background

Germain was admitted to the United States in 2007 as a lawful permanent resident.  Roughly ten years later, he was convicted of one count of conspiracy to commit an offense to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of making a false statement in an immigration application, in violation of the fourth paragraph of 18 U.S.C. § 1546(a).  The district court sentenced Germain to concurrent terms of 18 months' imprisonment for each of the four convictions, and we affirmed Germain's convictions on appeal.  *See United States v. Germain*, 759 F. App'x 866 (11th Cir. 2019).

The Department of Homeland Security then issued Germain a Notice to Appear ("NTA") alleging that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)[1] as an alien convicted of an aggravated felony based on his § 1546(a) convictions.[2]

---

[1] Section 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

[2] The NTA also alleged that Germain was removable pursuant to 8 U.S.C. § 1227(a)(3)(B)(iii) as an alien convicted of a violation of (or a conspiracy to violate) 18 U.S.C. § 1546.  Section 1227(a)(3)(B)(iii) provides that "[a]ny alien who at any time has been convicted . . . of a violation of, or an attempt or a conspiracy to violate, section 1546 of Title 18 (relating to fraud and misuse of visas, permits, and other entry documents), is deportable."  Though Germain initially argued in his motion to terminate that he was not removable on this ground, the IJ

Germain moved to terminate his removal proceedings arguing that he was not removable under § 1227(a)(2)(A)(iii) because, even though he had been convicted of a violation of 18 U.S.C. § 1546, it was not a conviction that qualified as an "aggravated felony" under § 1227(a)(2)(A)(iii).

Germain then filed an application for cancellation of removal. He argued he was eligible for cancellation under 8 U.S.C. § 1229b(a) because he had been a lawful permanent resident for five or more years, had continuously resided in the United States for seven years, and had never been convicted of an aggravated felony.[3] At his hearing, Germain argued that the parenthetical "(related to document fraud)" in 8 U.S.C. § 1101(a)(43)(P) limited the qualifying § 1546(a) convictions to those expressly involving document fraud. He argued that his § 1546(a) convictions accordingly did not qualify as aggravated felonies because

---

sustained the NTA's charge of removability under § 1227(a)(3)(B)(iii), and Germain does not challenge that ruling on appeal.

Even though Germain is independently removable under 8 U.S.C. § 1227(a)(3)(B)(iii), the determination of whether his § 1546(a) convictions qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43)(P) is still relevant to determining whether he is eligible for cancellation of removal under 8 U.S.C. § 1229b(a).

[3] In full, 8 U.S.C. § 1229b(a) provides:

The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

(3) has not been convicted of any aggravated felony.

he had not participated in actual document fraud and was convicted solely for falsely stating that he had not received an unauthorized fee.  He further argued that he did not know that the statements in the immigration application were false because he had made them at the direction of his father.

In a written decision, the IJ denied Germain's application for cancellation of removal and ordered Germain removed pursuant to the charges of removability contained in the NTA.[4]  As to the charge of removability under 8 U.S.C. § 1227(a)(2)(A)(iii), the IJ determined that 18 U.S.C. § 1546(a) was divisible because it enumerated four distinct offenses in its four paragraphs.  Applying the modified categorical approach, the IJ determined that Germain's superseding indictment showed that he had pleaded guilty to three counts of making a false statement of material fact on an immigration application, all of which qualified as aggravated felonies under 8 U.S.C. § 1101(a)(43)(P), because they were offenses described in § 1546(a).  The IJ also determined that Germain was not eligible for cancellation of removal under 8 U.S.C. § 1229b(a) because he was an aggravated felon.

Germain appealed the IJ's decision to the BIA.  Germain argued that the IJ erred in determining that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii)

---

[4] The IJ noted that the NTA's second charge of removability—under 8 U.S.C. § 1227(a)(3)(B)(iii)—had previously been sustained by the former IJ considering Germain's motion to terminate.

and ineligible for cancellation of removal because his 18 U.S.C. § 1546(a) convictions were not "aggravated felonies."  Germain argued that his § 1546(a) convictions did not qualify as aggravated felonies within the definition in 8 U.S.C. § 1101(a)(43)(P) because his convictions were solely for making a false statement on an immigration application related to the payment of fees, which he did not believe was false and thus did not "relate to document fraud."

In a single member opinion, the BIA dismissed Germain's appeal, determining that the IJ had properly denied Germain's motion to terminate and his application for cancellation of removal.  It stated that, while it agreed with the IJ that Germain's § 1546(a) convictions were aggravated felonies under 8 U.S.C. § 1101(a)(43)(P), the IJ "erred in applying the modified categorical approach rather than the categorical approach."  It reasoned that Germain's offenses of conviction under § 1546(a) categorically qualified as aggravated felonies because § 1546(a) "is expressly enumerated as an 'aggravated felony' under [8 U.S.C. § 1101(a)(43)(P)]."  Germain petitioned for review of the BIA's decision.

## II.    Standard of Review

Where an alien has been ordered removed for having committed an aggravated felony, our jurisdiction to review the final order of removal is limited to constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(C), (D).  Likewise, when an alien asks us to review a denial of cancellation of removal, we

can review only constitutional and legal questions. *See id.* § 1252(a)(2)(B)(i), (D).

The issue of whether the parenthetical "(relating to document fraud)" in 8 U.S.C.

§ 1101(a)(43)(P) is descriptive or limiting is a question of law which we review *de novo*. *Lettman v. Reno*, 207 F.3d 1368, 1370 (11th Cir. 2000); *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335 (11th Cir. 2011). We review only the decision of the BIA, except to the extent that the BIA expressly adopts, agrees, or relies on the IJ's reasoning and findings. *Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1153 (11th Cir. 2014).

## III.   Discussion

An alien who has been convicted of an "aggravated felony" is subject to removal. 8 U.S.C. § 1227(a)(2)(A)(iii). Further, that alien is ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). The INA defines "aggravated felony" by enumerating a list of specific offenses that qualify, including:

> an offense (i) which either is falsely making, forging, counterfeiting, mutilating, or altering a passport or instrument in violation of section 1543 of Title 18 or is described in section 1546(a) of such title (relating to document fraud) and (ii) for which the term of imprisonment is at least 12 months[.]

*Id.* § 1101(a)(43)(P). Section 1546(a) is a criminal statute that "contains four unnumbered paragraphs, each of which criminalizes different fraudulent conduct involving immigration documents." *United States v. Jimenez*, 972 F.3d 1183, 1191 (11th Cir. 2020). In full, it provides:

7

Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained; or

Whoever, except under direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States, or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits, or documents; or

Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States personates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document; or

Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document

8

which contains any such false statement or which fails to contain any reasonable basis in law or fact--

Shall be fined under this title or imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

18 U.S.C. § 1546(a).

As noted above, Germain was convicted under paragraph four of § 1546(a) and sentenced to more than a year in prison. Yet he argues this conviction was not an "aggravated felony" as defined by the INA—an offense "described in [18 U.S.C §] 1546(a) . . . (relating to document fraud)" for which the term of imprisonment was 12 months or more—because we should read the parenthetical "(relating to document fraud)" in 8 U.S.C. § 1101(a)(43)(P) as referring to only the first, second, and third paragraphs of § 1546(a) and not the fourth paragraph of § 1546(a). Because the plain language and structure of § 1101(a)(43)(P) demonstrate that the parenthetical "(relating to document fraud)" is merely descriptive of § 1546(a), rather than limiting, we reject Germain's argument.[5]

---

[5] To the extent Germain also argues that his offenses in particular did not involve document fraud because he did not know that the statements that he made in the immigration application were false or that his statements related solely to a non-material representation regarding compensation, those arguments are an impermissible collateral attack on the sufficiency of the evidence supporting his prior convictions, and we will not address them in this appeal. *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1247 (11th Cir. 2016) (explaining that a petition

"The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1167 (11th Cir. 2003) (quotation omitted).  Every word in a statute must be given meaning if possible, and a statute "must be viewed in its entirety so that each part has a sensible and intelligent effect harmonious with the whole."  *Id.* at 1173 (quotation omitted).

As an initial matter, we must confront the obvious flaw in Germain's argument:  paragraph four of § 1546(a)—under which Germain was convicted—clearly relates to document fraud.  Paragraph four of § 1546(a) criminalizes making false statements of material fact in certain immigration documents.  In fact, all four paragraphs of § 1546(a) relate to document fraud.  As we explained in *Jimenez*, section 1546(a)'s four paragraphs each "criminalize[] different fraudulent conduct involving immigration documents."  972 F.3d at 1191.  Because all four paragraphs of § 1546(a) relate to document fraud, Germain's argument that the "(relating to document fraud)" parenthetical in 8 U.S.C. § 1101(a)(43)(P) is limiting in nature rather than descriptive of § 1546(a) as a whole is fatally undermined.

---

for review is an improper vehicle in which to collaterally attack a prior conviction that forms the basis for an alien's order of removal).

Our conclusion that the parenthetical "(relating to document fraud)" is merely descriptive is further bolstered by the fact that 8 U.S.C. § 1101(a)(43)(P) does not contain any words that are limiting in nature. In a neighboring provision, Congress included a phrase in a parenthetical that expressly limited the reach of the aggravated felony definition. *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18, *but not including a purely political offense*) for which the term of imprisonment [is] at least one year" (emphasis added)). The lack of a limiting phrase—comparable to "but not including" in § 1101(a)(43)(F)—further demonstrates that the parenthetical in § 1101(a)(43)(P) is descriptive rather than limiting. *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration adopted)); *see also Pinares v. United Techs. Corp.*, 973 F.3d 1254, 1261 (11th Cir. 2020) (applying the "familiar 'easy-to-say-so-if-that-is-what-was-meant' rule of statutory interpretation" and noting that "[t]he silence of Congress is strident").

Germain argues that the parenthetical must be limiting in order to be meaningful. According to Germain, if Congress intended to penalize the entirety of 18 U.S.C. § 1546(a), it would have left the parenthetical out of § 1101(a)(43)(P)

11

altogether.  However, Congress put similar descriptive parentheticals throughout the INA—perhaps to make reading the statute easier.  *See, e.g.*, 8 U.S.C. § 1101(a)(43)(H) (providing that "an offense described in section 875, 876, 877, or 1202 of Title 18 (relating to the demand for or receipt of ransom)" qualifies as an aggravated felony); *id.* § 1101(a)(43)(N) ("an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)" qualifies as an aggravated felony); *see also United States v. Galindo-Gallegos*, 244 F.3d 728, 734 (9th Cir. 2001) ("The function of the descriptive language [in § 1101(a)(43)] appears to be to make reading the statute easier, so that one does not have to look up each citation to see what it is about, and to protect against scrivener's error in getting the statute from the drafting desk to the United States Code."); *United States v. Salas-Mendoza*, 237 F.3d 1246, 1247 (10th Cir. 2001) ("Without any descriptions of what the section numbers refer to, determining whether an offense qualifies as an aggravated felony would be a laborious process.").

Germain points to no other courts that have interpreted the "(relating to document fraud)" parenthetical in § 1101(a)(43)(P) or a similar parenthetical phrase to be limiting in the way he suggests.  Other courts, however, have held that similar parentheticals in the INA are merely descriptive—rather than limiting.  *See, e.g.*, *Gourche v. Holder*, 663 F.3d 882, 884–86 (7th Cir. 2011) (holding that the

12

"relating to" parenthetical in 8 U.S.C. § 1227(a)(3)(B)(iii)—which provides that "[a]ny alien who at any time has been convicted . . . of a violation of, or an attempt or a conspiracy to violate, section 1546 of title 18 (relating to fraud and misuse of visas, permits, and other entry documents), is deportable"—was merely descriptive); *United States v. Monjaras-Castaneda*, 190 F.3d 326, 328, 330–31 (5th Cir. 1999) (holding that the "relating to" parenthetical in 8 U.S.C. § 1101(a)(43)(N)—which provides that "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)" qualifies as an aggravated felony—was merely descriptive); *Patel v. Ashcroft*, 294 F.3d 465, 470 (3d Cir. 2002), *superseded by statute on other grounds as recognized in Kamara v. Att'y Gen.*, 420 F.3d 202, 209 (3d Cir. 2005) (also holding that the "(relating to alien smuggling)" parenthetical in 8 U.S.C. § 1101(a)(43)(N) was merely descriptive). We find this analysis persuasive and hold that "(relating to document fraud)" "is nothing more than a shorthand description" of all the offenses listed in § 1546(a). *Patel*, 294 F.3d at 470.

\*       \*       \*

Because Germain was convicted of a violation of 18 U.S.C. § 1546(a) and his sentence was greater than one year, his conviction expressly falls within the

13

definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(P).[6]  Accordingly, the

BIA properly dismissed Germain's appeal because the IJ correctly denied

Germain's motion to terminate his removal proceedings and his application for

cancellation of removal on the ground that his § 1546(a) convictions were

aggravated felonies.  We deny Germain's petition for review.

---

[6] Germain's arguments that we should apply the modified categorical approach—rather than the categorical approach—are misplaced.  Unlike other sections of the INA which enumerate offenses in language referring to generic crimes, *see* 8 U.S.C. § 1101(a)(43)(A) (defining an "aggravated felony" as "murder, rape, or sexual abuse of a minor"), and therefore, require application of the categorical or modified categorical approach to determine whether the offense of conviction fits within the federal definition of the generic crimes, § 1101(a)(43)(P) provides expressly that offenses described in 18 U.S.C. § 1546(a) qualify as an aggravated felony.  In other words, because subparagraph (P) specifically refers to an "offense described in" a particular section of the Federal Criminal Code, if an alien has a conviction under the specified federal statute, the categorical or modified categorical approach has no role to play because no comparison to generic crimes or elements is necessary.  Rather, the statute tells us that an offense under the specified federal statute qualifies as an aggravated felony.  The inquiry ends there.

Germain's argument that the "is described in" language in subparagraph (P) requires the use of the categorical or modified categorical approach to determine whether his § 1546(a) convictions qualify is unpersuasive.  His argument overlooks "[§] 1101(a)(43)'s penultimate sentence," which provides that "[t]he term [aggravated felony] applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years." *Torres v. Lynch*, 136 S. Ct. 1619, 1626 (2016).  In other words, "state and foreign analogues of the enumerated federal crimes qualify as aggravated felonies." *Id.*  Thus, under subparagraph (P), when examining a state or foreign conviction, the court would have to determine whether the state or foreign conviction was for an offense that "is described in § 1546(a)," and that inquiry may involve application of the categorical or modified categorical approach.  But where the offense of conviction is for the enumerated federal crime, there is no need to determine whether the conviction is for an offense that "is described in § 1546(a)."  In short, it is unnecessary to compare a statute to itself. *See Doe v. Sessions*, 886 F.3d 203, 208 (2d Cir. 2018) (declining to compare a federal statute, the Controlled Substances Act, to itself to determine whether the alien's conviction under the Controlled Substances Act was an "aggravated felony" under the INA); *see also Moncrieffe v. Holder*, 569 U.S. 184, 211 (2013) (Alito, J., dissenting) ("Where an alien has a prior *federal* conviction, it is a straightforward matter to determine whether the conviction was for a 'felony punishable under the [Controlled Substances Act].'" (emphasis added)).

14

**PETITION DENIED.**