[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11619

Non-Argument Calendar

_____

MANJINDER KUMAR,

                                              Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A076-859-740

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Manjinder Kumar seeks review of the order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his application for cancellation of removal, pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b). After careful review, we deny his petition.

## I.

Kumar, a native and citizen of India, entered the United States in 2000 as a refugee. In 2004, his status was adjusted to lawful permanent resident. In 2018, the Department of Homeland Security issued Kumar a Notice to Appear ("NTA"), charging him as removable under the INA. The NTA alleged that Kumar had been convicted in March 2018 of family violence battery, in violation of O.C.G.A. § 16-5-23.1, and was sentenced to 12 months' imprisonment. Based on this conviction, the NTA alleged that Kumar was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), because he was convicted of an aggravated felony; under 8 U.S.C. § 1227(a)(2)(E)(i), because he was convicted of a crime of domestic violence; and under 8 U.S.C. § 1227(a)(2)(E)(ii), because he violated a protective order under which he was enjoined.

Kumar moved to terminate his removal proceedings, admitting that he had been convicted of violating Georgia law but arguing that his conviction did not render him removable. He argued

that the conviction was not an aggravated felony because he was only sentenced to 60 days' imprisonment. *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony," a conviction for which renders a person ineligible for cancellation of removal, as "a crime of violence . . . for which the term of imprisonment [is] at least one year"). He also argued that he was not removable under the other two provisions the NTA cited.

The government responded that Kumar's conviction was for an aggravated felony because he was sentenced to 12 months' imprisonment, even though he was only required to serve a term of 60 days. In support of its position, the government provided evidence documenting Kumar's conviction. This included a document from the Superior Court of Floyd County entitled "Final Disposition Misdemeanor with Probation" (the "Final Disposition"), which indicated that Kumar was adjudicated guilty of family violence battery and that his "sentence" was "12 months to serve 60 days." AR at 595 (capitalizations omitted).[1] The document stated: "The Defendant is adjudged guilty or sentenced under First Offender/Conditional Discharge . . . [and] the Court sentences the Defendant to confinement in such institution as the Commissioner of the State Department of Corrections may direct." *Id.* Under "Sentence Summary," the document stated that "The Defendant is sentenced for a total of 12 MONTHS, . . . with the first 60 DAYS to be served in confinement and the remainder to be served on

---

[1] "AR" refers to the administrative record.

probation." *Id.* Further, "[u]pon service of 60 DAYS, the remainder of the sentence may be served on probation, PROVIDED, that the Defendant shall comply with the Conditions of Probation imposed by the Court as part of this sentence." *Id.*

At a hearing on removability, an IJ determined that the aggravated felony charge could not be sustained because the documents did not show that Kumar was sentenced to 12 months' imprisonment. The IJ sustained the remaining two charges.

Kumar then applied for cancellation of removal. *See* 8 U.S.C. § 1229b(a) (providing that the Attorney General may cancel removal if a noncitizen has been lawfully admitted for permanent residence for at least 5 years, has resided in the United States continuously for 7 years after having been admitted in any status, and has not been convicted of an aggravated felony). A different IJ held a hearing on Kumar's application for cancellation of removal. At the hearing, the IJ disagreed with the previous judge, concluded that Kumar's family violence battery conviction was an aggravated felony, sustained the charge of removability on that basis, and determined that Kumar was ineligible for cancellation of removal. But then the IJ reversed course, summarily concluding in a second hearing that Kumar should be granted cancellation of removal.

The government appealed to the BIA, arguing that the IJ erred in determining that Kumar was eligible for cancellation of removal because he had been convicted of an aggravated felony. The BIA remanded to the IJ, noting that the IJ "did not prepare an oral or written decision setting out the reasons for his decision." *Id.* at

331. On remand, the IJ denied Kumar's application for cancellation of removal and ordered Kumar removed to India.

Kumar appealed to the BIA, and the BIA dismissed the appeal. The BIA concluded that the Final Disposition showed that Kumar was sentenced to 12 months' imprisonment, and therefore that the offense was one for which the term of imprisonment was at least one year.

Kumar petitioned this Court for review.

## II.

When a noncitizen "asks us to review a denial of cancellation of removal, we can review only constitutional and legal questions." *Germain v. U.S. Att'y Gen.*, 9 F.4th 1319, 1323 (11th Cir. 2021) (citing 8 U.S.C. § 1252(a)(2)(B)(i), (D)). Whether a conviction qualifies as an aggravated felony is such a question of law; we review it *de novo. Dixon v. U.S. Atty. Gen.*, 768 F.3d 1339, 1341 (11th Cir. 2014). We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).

## III.

Kumar argues that the BIA erred in determining that he is ineligible for cancellation of removal. Specifically, he argues that he was not convicted of an aggravated felony because he was only sentenced to 60 days of imprisonment. Kumar acknowledges that in *United States v. Ayala-Gomez*, we held that a sentence imposed by a Georgia court of 5 years' confinement, with all but 8 months

of that term to be served on probation, constituted a term of imprisonment greater than one year. 255 F.3d 1314, 1316–17, 1319 (11th Cir. 2001). But he argues that *Ayala-Gomez* "should be limited[] or modified" so that it does not stand for the proposition "that all bifurcated confinement/probation sentences" must be "viewed in their totality" for purposes of determining whether the one-year requirement for an aggravated felony is satisfied. Petitioner's Br. at 5.

Any noncitizen "who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The Attorney General may cancel removal in the case of a noncitizen who is removable from the United States if the noncitizen has: (1) been lawfully admitted for permanent residence for at least 5 years, (2) resided in the United States continuously for 7 years after having been admitted in any status, and (3) "not been convicted of any aggravated felony." *Id.* § 1229b(a).

An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(F). Kumar challenges only the one-year term of imprisonment requirement of this definition. The INA defines a "term of imprisonment or a sentence" as including "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." *Id.* § 1101(a)(48)(B).

Under the prior panel precedent rule, we are bound by published decisions that have not been overruled by the Supreme

Court or this Court en banc. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

In *Ayala-Gomez*, which Kumar correctly cites as relevant to his case, we held that a sentence a Georgia court imposed of 5 years confinement, with 4 years and 4 months to be served on probation (provided the petitioner complied with certain conditions) constituted a term of imprisonment greater than one year. 255 F.3d at 1316–17, 1319. Ayala-Gomez argued that "the actual sentence of imprisonment was only eight months." *Id.* at 1317. He acknowledged that § 1101(a)(48)(B) includes any suspended portions of a sentence into the definition of a term of incarceration but argued that since the remaining 4 years and 4 months of his sentence was *probated*, rather than suspended, it did not count. *Id.*

We rejected Ayala-Gomez's argument. Noting that the INA did not define "suspension," we invoked the principle that "[w]ords in federal statutes reflect federal understandings, absent an explicit statement to the contrary, even if a state uses the word differently." *Id.* at 1319. "This federal-meaning-prevails principle of statutory construction," we concluded, "requires that suspension take its federal meaning: a procedural act that precedes a court's authorization for a defendant to spend part or all of the imposed prison sentence outside of prison." *Id.* Thus, § 1101(a)(48)(B)'s definition "include[s] all parts of a sentence of imprisonment from which the sentencing court excuses the defendant, even if the court itself follows state-law usage and describes the excuse with a word other than 'suspend.'" *Id.* Probation in Georgia, we explained, was a

"mechanism[] by which a sentencing court may excuse a defendant from prison time," so it qualified as part of a term of incarceration under § 1101(a)(48)(B). *Id.* at 1318–19.

*Ayala-Gomez* is on point, and we must apply it here. Kumar's Final Disposition indicated that he was sentenced to a term of 12 months' imprisonment with 10 months of that term probated provided he complied with certain terms. Under *Ayala-Gomez*, the probated portion of Kumar's sentence counts as part of his term of incarceration under § 1101(a)(48)(B). We recognize that Kumar disagrees with our holding in *Ayala-Gomez*, but as a panel we are without authority to modify its holding. *See Romo-Villalobos*, 674 F.3d at 1251.

Kumar also argues that *Ayala-Gomez* is materially distinguishable from his case and that we should limit its holding by refusing to extend it here. In *Ayala-Gomez*, the sentencing document stated that Ayala-Gomez was "sentenced to confinement for a period of 5 years" even though, "upon service of 0 years and 8 months of the . . . sentence, the remainder . . . may be served on probation." *Id.* at 1316–17. Here, he argues, he "was never sentenced to 12 months 'confinement'"; rather, he says, the Final Disposition "expressly states that confinement was only for 60 days," so only the 60 days should count. Petitioner's Br. at 7 (alteration adopted). But the Final Disposition also stated generally that Kumar was sentenced "to confinement" in an institution as directed by the Department of Corrections. AR at 595. Even if a record showing that "confinement" was limited to 60 days would be materially

distinguishable from *Ayala-Gomez*, given the ambiguity in this record, the BIA did not err in concluding that Kumar failed to meet his burden that he has not been convicted of an aggravated felony. *See* 8 C.F.R. § 1240.8(d) (explaining that a noncitizen seeking cancellation of removal must make each requisite showing by a preponderance of the evidence).

For these reasons, we must deny Kumar's petition.

**PETITION DENIED.**