# In re Alma Esmeralda BAUTISTA GOMEZ, Respondent

File A77 421 754 - San Francisco

*Decided March 23, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The provision in 8 C.F.R. § 1003.23(b)(3) (2005) that an applicant for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2000), must demonstrate statutory eligibility for that relief prior to the service of a notice to appear applies only to the continuous physical presence requirement and has no bearing on the issues of qualifying relatives, hardship, or good moral character.

FOR RESPONDENT: Pro se[1]

FOR THE DEPARTMENT OF HOMELAND SECURITY: James S. Stolley, Jr. Assistant District Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and MILLER, Board Members.

HURWITZ, Board Member:

This case was last before us on June 21, 2002, when we summarily affirmed, without opinion, the results of the Immigration Judge's August 15, 2000, decision denying the respondent's motion to reopen her removal proceedings. The matter is now before us pursuant to an October 21, 2005, order of the United States Court of Appeals for the Ninth Circuit granting the Government's unopposed motion to remand. The Government sought a remand for the Board to consider whether the respondent's motion to reopen was properly denied.

The respondent is a 22-year-old native and citizen of Mexico who arrived in the United States with her parents when she was 3 months old. At a hearing in removal proceedings on April 17, 2000, an Immigration Judge granted her parents cancellation of removal pursuant to section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2000).

---

[1] We note that the attorney who represented the respondent on her appeal has been suspended from practice before the Board. *See Matter of Gadda*, 23 I&N Dec. 645 (BIA 2003). As that attorney is not currently permitted to practice before us, this decision will be sent directly to the respondent, and the attorney will receive only a copy.

Although the Department of Homeland Security ("DHS," formerly the Immigration and Naturalization Service) reserved appeal, it never appealed the Immigration Judge's decision regarding the respondent's parents' case. The respondent, not having a qualifying relative at the time of the hearing, was only granted voluntary departure.

On June 13, 2000, the respondent filed a motion to reopen stating that her parents had become lawful permanent residents since they were granted cancellation of removal, and that, consequently, she now has the qualifying relatives required to establish eligibility for that relief. She therefore requested that she be allowed to apply for cancellation of removal.

The DHS opposed the respondent's motion to reopen, stating that the respondent "has not established that the conditions which apply to her parents' approved applications for cancellation of removal have been lifted," and that she therefore could not show that they had become qualifying relatives. The Immigration Judge denied the motion to reopen, holding that the respondent was not eligible for cancellation of removal because at the time of service of the Notice to Appear (Form I-862) on the respondent, her parents were not lawful permanent residents. As the basis for this decision, the Immigration Judge cited 8 C.F.R. § 3.23(b)(3) (2000), which is currently at 8 C.F.R. § 1003.23(b)(3) (2005).

We have recently reiterated the view that an application for relief from removal is a continuing one, holding that good moral character for cancellation of removal purposes continues to accrue up to the time we decide an alien's appeal. *Matter of Ortega-Cabrera*, 23 I&N Dec. 793 (BIA 2005); *see also Matter of Castro*, 19 I&N Dec. 692 (BIA 1988). Similarly, we find that the issue of qualifying relatives should properly be considered as of the time an application for cancellation of removal is finally decided. Otherwise, such factors as the birth of a United States citizen child, marriage to a lawful permanent resident or citizen, or a serious accident or illness involving a qualifying relative could not be used as the basis for a motion to reopen to file, or to seek further consideration of, an application for cancellation of removal.

We find that by its terms 8 C.F.R. § 3.23(b)(3) only applies to the issue of an applicant's continuous physical presence in this country. The Immigration Judge quoted only that part of the regulation that states that an application for cancellation of removal under section 240A(b) of the Act may be granted "only if the alien demonstrates that he or she was statutorily eligible for such relief prior to the service of a notice to appear." *Id.* However, the beginning of the quoted sentence indicates that this requirement is made "[p]ursuant to section 240A(d)(1) of the Act." *Id.*; *see also* 8 C.F.R. § 1003.23(b)(3). That section applies solely to the termination of periods of continuous physical presence in the United States. Thus, the regulation, read as a whole, provides only that an alien seeking to reopen his or her case for consideration of an application for cancellation of removal must have satisfied the continuous

physical presence requirement for that relief at the time of service of a notice to appear. The regulation has no bearing on the other requirements for cancellation of removal, including the issues of qualifying relatives, hardship, or good moral character. We therefore find that the Immigration Judge erred in denying the respondent's motion to reopen based on his conclusion that the regulation precluded her from establishing that she had qualifying relatives.

Because we find that the Immigration Judge improperly found the respondent ineligible for cancellation of removal, we conclude that the record should be remanded for further consideration of her motion to reopen to apply for that relief. Accordingly, our decision will be vacated, the removal proceedings will be reopened, and the record will be remanded to the Immigration Judge.

**ORDER:** The June 21, 2002, decision of the Board is vacated.

**FURTHER ORDER:** The respondent's appeal from the Immigration Judge's denial of her motion to reopen is sustained.

**FURTHER ORDER:** The proceedings are reopened and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.