**Sebastian Nunez GOMEZ;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–71877.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Sebastian Nunez Gomez, Las Vegas, NV, pro se.

Cecilia Campana De Nunez, Las Vegas, NV, pro se.

District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, Esq., U.S. Department Of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Sebastian Nunez Gomez and his wife, Cecilia Campana de Nunez, petition pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law and due process claims in removal proceedings. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners contend the BIA violated due process by failing to review their appeal brief. However, petitioners have not overcome the presumption that the BIA reviewed the entire record. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000).

The IJ properly determined that petitioners' 21–year old daughter was not a qualifying relative for the purposes of their applications for cancellation of removal. *See In re Gomez*, 23 I. & N. Dec. 893, 894 (BIA 2006) ("[T]he issue of qualifying relatives should properly be considered as of the time an application for cancellation of removal is finally decided.").

**PETITION FOR REVIEW DENIED.**