### Jose Guadalupe ACUNA–GAMEZ, Petitioner,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71675.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2007.

Filed June 21, 2007.

Law Offices of Gary Finn, Indio, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Carl H. McIntyre, Jr., Marion E. Guyton, Esq., John L. Davis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

### MEMORANDUM *

Jose Guadalupe Acuna–Gamez petitions from an order of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") decision finding him removable and ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(b), and we grant the petition and remand for further proceedings.

Acuna–Gamez argues that the IJ's finding that he had engaged in human smuggling—and thus that he did not exhibit good moral character—is not supported by substantial evidence. *See* 8 U.S.C. § 1229b(b)(1). We need not reach that issue, however, because in any event the alleged smuggling incident transpired more than ten years prior to the issuance of the BIA's final decision on March 9, 2004. After the BIA made its decision in this case, it decided *In re Ortega–Cabrera,* which held that "the relevant period for determining good moral character for purposes [of] establishing eligibility for cancellation of removal must include the time during which the respondent is in proceedings, i.e., until the issuance of an administratively final decision on the application." 23 I. & N. Dec. 793, 797 (BIA 2005); *see also In re Bautista Gomez,* 23 I. & N. Dec. 893, 894 (BIA 2006) ("[A]n application for relief from removal is a continuing one . . . [G]ood moral character for cancellation of removal purposes continues to accrue up to the time we decide an alien's appeal.").

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

We remand this petition to the BIA for reconsideration in light of its recent decisions.

**Petition GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.