10-4086-ag
Patel v. Holder

BIA
A098 579 684/245

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>> *Circuit Judges.*

_____

BHARAT KUMAR KEVALDAS PATEL, AKA BHARATKUMAR PATEL, REKHABEN NATAVARLAL,
> *Petitioners,*

v. 10-4086-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS: Justin Fappiano, New Haven, Connecticut.

FOR RESPONDENT: Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jessica Segall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Petitioners Bharat Kumar Kevaldas Patel and Rekhaben Natavarlal, natives and citizens of India, seek review of a September 13, 2010, order of the BIA denying their motion to reopen. *In re Bharat Kumar Kevaldas Patel, Rekhaben Natavarlal*, Nos. A098 579 684/245 (B.I.A. Sept. 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because we lack jurisdiction to review the agency's denial of an application for cancellation of removal based on the alien's failure to establish "exceptional and extremely unusual hardship," *see* 8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008), we likewise lack jurisdiction to consider the agency's hardship finding in the motion to reopen context. *See Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005). Nonetheless, we retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

We lack jurisdiction to consider petitioners' challenges to the BIA's denial of their motion to reopen for consideration of whether their removal would cause

2

Natavarlal's parents hardship because their assertions of legal error are insufficient to invoke our jurisdiction. *See Barco-Sandoval*, 516 F.3d at 40 (holding that the Court "lack[s] jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction"). Contrary to petitioners' assertion, the BIA did not ignore relevant established precedent by failing to remand pursuant to *Matter of Gomez*, 23 I. & N. Dec. 893 (BIA 2006). In *Matter of Gomez*, the BIA reopened and remanded because the IJ erred in finding that the movant's parents did not constitute qualifying relatives for purposes of cancellation of removal. *See* 23 I. & N. Dec. at 894. Here, on the other hand, the BIA assumed that Natavarlal's parents were qualifying relatives, but concluded that petitioners failed to present *prima facie* evidence that their removal would cause their qualifying relatives exceptional and extremely unusual hardship. Thus, the BIA did not commit legal error in declining to remand pursuant to *Matter of Gomez*, and petitioners' argument that the BIA failed to follow established precedent is inadequate to invoke our jurisdiction. *See Barco-Sandoval*, 516 F.3d at 40. Equally inadequate is petitioners' conclusory assertion that the BIA overlooked or mischaracterized facts important to the

determination of whether they had established their *prima facie* eligibility for relief because the BIA specifically considered all of the facts presented in their evidence. Therefore, because petitioners fail to raise a colorable question of law, we lack jurisdiction to consider the BIA's denial of their motion to reopen. *See* 8 U.S.C. § 1252(a)(2)(B); *see also Sepulveda*, 407 F.3d at 64; *Barco-Sandoval*, 516 F.3d at 39.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk