**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORIO HERNANDEZ,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,[*]

     Respondent.

No. 18-9527
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **McHUGH**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.
_____

The Department of Homeland Security (DHS) initiated removal proceedings

against Gregorio Hernandez, who entered the United States illegally from Mexico.

Hernandez conceded removability but sought cancellation of removal under § 240A(b)(1)

_____

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, William P. Barr is substituted for Jefferson B. Sessions, III, as the
respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(b)(1). An Immigration Judge (IJ) found Hernandez to be ineligible for cancellation of removal because he did not have a qualifying relative at the time of his final hearing, *see* § 1229b(b)(1)(D), and the Board of Immigration Appeals (BIA) dismissed his appeal. Hernandez then moved to reopen his removal proceedings, alleging ineffective assistance by his former counsel. The BIA denied his motion. Hernandez now petitions for review of the BIA's denial of his motion to reopen.[1] Exercising jurisdiction under § 242 of the INA, 8 U.S.C. § 1252, we deny the petition.

## I.    Background

Gregorio Hernandez, a native and citizen of Mexico, entered the United States illegally in 1987. In 2012, DHS charged him with removability as an alien present in the United States without being admitted or paroled. Hernandez conceded removability but sought cancellation of removal under § 1229b(b)(1). Relevant here, that provision allows cancellation of removal when an alien establishes "that removal would result in

---

[1] Hernandez also purports to challenge the BIA's earlier decision denying cancellation of removal. *See* Pet'r Opening Br. at 17-20. But his petition is timely only as to the order denying the motion to reopen. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). The filing of a motion to reopen does not affect the finality of the underlying removal order; each order is separate and appealable. *See Stone v. INS*, 514 U.S. 386, 394 (1995) ("[D]eportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider."); *see also id.* at 405 (explaining Congress "envisioned two separate petitions filed to review two separate final orders").

2

exceptional and extremely unusual hardship to the alien's . . . child,[2] who is a citizen of the United States." § 1229b(b)(1)(D). Hernandez cited exceptional and extremely unusual hardship to his youngest daughter Karina, a United States citizen who has been diagnosed with major depressive disorder, anxiety disorder with panic symptoms, and fatty liver disease with complications due to emotional distress. Karina was born in January 1995 and turned twenty-one in January 2016.

Hernandez's removal proceedings began in August 2012, when Karina was seventeen years old. The IJ granted a few short continuances so Hernandez could retain counsel and seek cancellation of removal. Hernandez submitted his application for cancellation of removal in December 2012. He did not appear before an IJ again until a hearing in May 2015; by this time, he had secured new counsel, Steven Paul. The government moved to pretermit Hernandez's application based on his conviction history. It argued his felony DUI conviction in 2001 and several additional DUI convictions resulted in five years or more of aggregate sentences to confinement, rendering him inadmissible under § 212(a)(2)(B) of the INA, 8 U.S.C. § 1182(a)(2)(B). The IJ set the matter for a status hearing in July 2015 to allow Hernandez to address this threshold issue. At that hearing, his counsel asked for "a short period of time, a month or two," to continue to seek an amendment to his prior convictions. R. at 169. The IJ advised it

---

[2] "A 'child' is 'an unmarried person under twenty-one years of age.'" *In re Isidro-Zamorano*, 25 I. & N. Dec. 829, 831 (BIA 2012) (quoting § 101(b) of the INA, 8 U.S.C. § 1101(b)(1), and citing cases in which courts have applied the definition from that statute to the hardship requirement in § 1229b(b)(1)(D)).

would be slightly longer because of his schedule, and the parties agreed to reconvene in September 2015. In the interim, the state court reduced one of Hernandez's DUI convictions from a felony to a misdemeanor, making him eligible for cancellation of removal.[3]

At the September 2015 hearing, the government conceded Hernandez's present eligibility for cancellation of removal but noted "his last qualifying relative is set to age out in January of next year, so he may not be eligible in five months." R. at 175. Hernandez's counsel confirmed "the delay in this case [was] jeopardizing [Hernandez] having qualifying relatives" because Karina would age out in January 2016 and asked the IJ to "[s]chedule a hearing as soon as possible." R. at 175-76. The IJ engaged in an extensive discussion with Hernandez's counsel about the reason for various delays in the removal proceedings, with counsel attributing delays largely to "the context of the case, the factual basis of the . . . case," R. at 175, and the late-filed motion to pretermit. The IJ did not have any availability before the age-out date, so he transferred the case to a different IJ and set a merits hearing for December 2015; the IJ advised counsel to be succinct in his presentation so the hearing did not carry over past the age-out date. In November 2015, however, the final hearing was rescheduled to December 2016, after Karina turned twenty-one. And in September 2016, it was reset to January 2017.

By the time the hearing took place in 2017, Karina was no longer a qualifying relative because she was twenty-one years old and thus not a "child" per the applicable

---

[3] Hernandez affirmed that he stopped drinking alcohol after his 2001 conviction and submitted statements of support from his church and community.

statute. *See* § 1101(b)(1). The IJ found Hernandez to be ineligible for cancellation of

removal per *In re Isidro-Zamorano*, 25 I. & N. Dec. 829 (BIA 2012),[4] but granted

voluntary departure in lieu of removal. Hernandez timely appealed to the BIA, but his

appeal was dismissed. The BIA found Hernandez to be "responsible for most of the

delay in the hearing and in not qualifying for cancellation of removal," leaving only a

four-month window to consider his application. R. at 79. The BIA also rejected

Hernandez's due process arguments, finding he "received a full and fair hearing." *Id.*

Hernandez did not file a petition for review of that decision.

Hernandez next filed a motion to reopen his removal proceedings with the BIA,

alleging ineffective assistance of his second counsel, Steven Paul, in violation of his due

process rights.[5] Paul represented Hernandez in connection with his application for

---

[4] Under that decision, an applicant for cancellation of removal who loses his qualifying relationship before the IJ adjudicates his application on the merits is ineligible for relief because an application for relief from removal is "continuing" until finally decided. *In re Isidro-Zamorano*, 25 I. & N. Dec. at 831 & n.2; *accord In re Gomez*, 23 I. & N. Dec. 893, 894 (BIA 2006) ("[T]he issue of qualifying relatives should properly be considered as of the time an application for cancellation of removal is finally decided.").

[5] Hernandez submitted materials to comply with the criteria for making an ineffective assistance of counsel claim:

> [A] motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not.

*Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003) (citing *In re Lozada*,

cancellation of removal from May 2015 through his final hearing in January 2017. Hernandez faulted Paul for not understanding the applicable law as to qualifying relatives and for not pushing for an earlier final hearing by filing "an emergency motion to advance" or otherwise ensuring his continued eligibility for relief.  R. at 23.

The BIA denied the motion to reopen.  It explained, "An alien making an ineffective assistance of counsel claim must show not only that his attorney's performance was deficient but also 'that he was prejudiced by his representative's performance.'"  R. at 3 (quoting *In re Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988)). The BIA found the prejudice component to be lacking—concluding Hernandez "has not meaningfully shown that he was prejudiced by ineffective assistance of former counsel," "[e]ven assuming, without deciding, that [Paul's] behavior was somehow deficient." R. at 4.  Deflecting blame from Paul, the BIA pointed out how Paul was retained three years after the issuance of the Notice to Appear, at a time when Hernandez was not actually eligible for cancellation of removal because of his conviction history; Paul then obtained two continuances to successfully remove that barrier to eligibility and sought to schedule a hearing "as soon as possible," expressing his "concern . . . that the sole qualifying relative would be 'aging out'" in January 2016.  *Id.* (internal quotation marks omitted).  The BIA also referenced the IJ's "frustration" at Hernandez for the three-year delay of the case.  *Id.*  Finally, the BIA acknowledged the role played by inadequate resources at the immigration court:

19 I. & N. Dec. 637, 639 (BIA 1988)).

6

> [W]hile it is unfortunate for the respondent, any delay in the final adjudication of his cancellation application (and the resultant "aging out" of his qualifying relative) appears to have been attributable to a lack of sufficient resources at the Immigration Court during the relevant time period, rather than any actions or inactions of the respondent's former counsel.

*Id.*

Hernandez filed a timely petition for review of the BIA's decision denying his motion to reopen.

## II. Analysis

The BIA's denial of a motion to reopen is reviewable only for an abuse of discretion. *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). The Supreme Court has described the BIA's discretion over motions to reopen as "broad." *Kucana v. Holder*, 558 U.S. 233, 242 (2010) (internal quotation marks omitted). An alien challenging the denial of a motion to reopen "bears a heavy burden to show the BIA abused its discretion," *Maatougui*, 738 F.3d at 1239, because "motions to reopen immigration cases are plainly disfavored," *id.* (alteration and internal quotation marks omitted). Furthermore, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a); *accord Maatougui*, 738 F.3d at 1240. "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (internal quotation marks omitted).

7

Although we sympathize with Hernandez's plight to the extent it stems in part from congestion within the immigration court, we discern no abuse of discretion under the circumstances presented here. As stated above, Hernandez's petition for review is timely only as to his challenge of the denial of the motion to reopen. And his sole due-process argument within these parameters stems from an ineffective-assistance-of-counsel claim.[6] The BIA properly recited the relevant standard: "Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. One must show, moreover, that he was prejudiced by his representative's performance." *In re Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) (citations omitted).

The record shows the removal proceedings dragged on for years due to a combination of factors—including continuances requested by Hernandez's counsel; the government's late-filed motion to pretermit based on Hernandez's past DUI convictions; Hernandez's need to reopen one of those convictions to receive a sentence reduction and thus be eligible for cancellation of removal; and the constraints imposed by a busy immigration court system. Yet Hernandez now seeks to place the blame solely on an attorney who did not enter an appearance until three years into the proceedings.

The BIA's decision was neither summary nor conclusory. In fact, it provided a rational explanation for its conclusion that Paul's performance was not ineffective

---

[6] Hernandez does not assert a due-process violation due to congestion within the immigration court in challenging the denial of the motion to reopen.

and even achieved a positive result by removing a barrier to eligibility for cancellation of removal. Furthermore, the BIA did not depart from established law or policies. Against this backdrop, Hernandez has not satisfied the heavy burden he must overcome to show an abuse of discretion. *See Maatougui*, 738 F.3d at 1239 (articulating the relevant standard).

### III.    Conclusion

Because we conclude the BIA did not abuse its discretion in denying Hernandez's motion to reopen based on ineffective assistance of counsel, we deny the petition for review.

Entered for the Court

Terrence L. O'Brien
Circuit Judge