[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-14297

Non-Argument Calendar

_____

RODOLFO ESPINOZA-SOLORZANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-233-992

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Rodolfo Espinoza-Solorzano seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal. To be eligible for cancellation of removal, an applicant must have, among other things, a qualifying relative, such as a child, who is a United States citizen. Espinoza-Solorzano argues that the BIA erred in concluding that his daughter, who was under 21 at the time he filed his application, did not qualify as a child for purposes of cancellation of removal. Because the BIA reasonably determined that a relative's age must be assessed at the time the IJ rules on the application for cancellation of removal, not the time the application is filed, we deny his petition.

## I.    BACKGROUND

Espinoza-Solorzano is a citizen of Mexico who entered the United States without inspection. After living in the United States for several decades, he was arrested and charged with identity fraud. He pled guilty to the lesser charge of criminal trespass and was sentenced to probation. The incident brought him to the attention of immigration authorities, who began removal proceedings. In immigration proceedings, Espinoza-Solorzano conceded that he was removable.

In 2011, Espinoza-Solorzano applied for cancellation of removal. *See* 8 U.S.C. § 1229b. To be eligible, Espinoza-Solorzano needed to have a qualifying relative—here, a U.S. citizen child under 21 years old—who would suffer hardship if he were removed to Mexico. *See* 8 U.S.C. §§ 1101(b)(1); 1229b(b)(1)(D). He claimed his daughter, who was 15 years old at the time, as the qualifying relative who would suffer hardship if he were removed. She is intellectually disabled; her "cognitive ability is significantly below that of her peers." AR at 111.[1] Espinoza-Solorzano was her primary caretaker: he brought her to doctor's appointments, took her to school, and worked with her school to ensure that she received specialized academic support and progressed in her learning.

Espinoza-Solorzano's application for cancellation of removal remained pending for several years.[2] The IJ finally adjudicated his application in 2018. By that time, Espinoza-Solorzano's daughter was 22 years old and had aged out of "child" status. He argued that her diminished mental capacity and continued dependence on him for her daily needs meant that she should still be

---

[1] "AR" refers to the administrative record.

[2] Espinoza-Solorzano had his first immigration hearing in 2011. The IJ stayed the proceedings until after his criminal proceedings wrapped up. At a 2017 hearing, he asked for a continuance to explore the possibility of getting a derivative visa through his daughter. The IJ granted the continuance, and the hearing was rescheduled in 2018.

considered a qualifying relative, despite her chronological age. Disagreeing, the IJ found that Espinoza-Solorzano was ineligible for cancellation of removal because he had no qualifying relatives at the time of adjudication and denied his application. Because the IJ concluded that Espinoza-Solorzano lacked a qualifying relative, the issue of whether Espinoza-Solorzano's removal would cause a hardship to his daughter was not reached.

On appeal, the BIA agreed with the IJ's determination that Espinoza-Solorzano's daughter did not qualify as a child. The BIA explained that, in this context, the Immigration and Nationality Act ("INA") defined a child as "an unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). Even though Espinoza-Solorzano's daughter had been under 21 at the time he applied for cancellation of removal, the BIA concluded that she did not qualify as a child because she was not under 21 at the time of the IJ's decision. Because she did not qualify as a child, the BIA ruled that Espinoza-Solorzano was ineligible for cancellation of removal and dismissed his appeal. The BIA rejected Espinoza-Solorzano's argument that his daughter qualified as a child based on her "mental age" as "unsupported by law." AR at 4. Like the IJ, after having concluded that Espinoza-Solorzano's daughter was not a qualifying relative, the BIA did not address whether the daughter would experience a hardship if Espinoza-Solorzano were removed. Espinoza-Solorzano has now petitioned our Court for review of the BIA's decision.

## II.    STANDARD OF REVIEW

We review our own subject matter jurisdiction *de novo.* *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). We generally lack jurisdiction to review the denial of certain forms of discretionary relief under the INA, including a denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1179 (11th Cir. 2018). But we retain jurisdiction to review any petition that raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Germain v. U.S. Att'y Gen.*, 9 F.4th 1319, 1323 (11th Cir. 2021). The issue of what point in time should be used to determine a child's age for qualifying-relative purposes is a question of law.

We review only the BIA's decision, except where, as here, the BIA explicitly agrees with the IJ's opinion. *Thamotar v. U.S. Att'y Gen.*, 1 F.4th 958, 969 (11th Cir. 2021). We review the BIA's statutory interpretation *de novo. Quinchia v. U.S. Att'y Gen.*, 552 F.3d 1255, 1258 (11th Cir. 2008).

## III.    DISCUSSION

After a noncitizen is found to be removable, an immigration judge has discretion to cancel the removal. 8 U.S.C. § 1229b(b); *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1238 (11th Cir. 2016). But the noncitizen is eligible for cancellation of removal only if he meets certain statutory requirements. 8 U.S.C. § 1229b(b)(1); *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). He meets the requirements if he: (1) has 10

years of continuous physical presence in the United States; (2) is of good moral character; (3) has not been convicted of certain crimes, including aggravated felonies and crimes of moral turpitude; and (4) shows that removal would result in "exceptional and extremely unusual hardship" to his child, parent, or spouse who is a United States citizen. *Id.*; 8 U.S.C. § 1229b(b)(1). That child, parent, or spouse is known as a "qualifying relative." *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549 (11th Cir. 2011). The INA defines "child" as an unmarried person under 21 years of age. 8 U.S.C. § 1101(b)(1).

In this appeal, Espinoza-Solorzano argues that the BIA erred in concluding that he failed to satisfy the qualifying-relative requirement. He contends that because his daughter, who is a United States citizen, was under 21 years of age when he applied for cancellation of removal, she met the statutory definition of a child and thus was a qualifying relative. He further argues that even if there is a general rule that an IJ must use the child's age at the date the application for cancellation of removal is adjudicated, an exception should be made here to account for his daughter's diminished mental capacity.[3] We address each of these arguments in turn.

---

[3] Espinoza-Solorzano also argues that the BIA erred in failing to consider the hardship that his daughter would face if he were removed. But we do not consider issues, like this one, that the BIA did not reach. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

20-14297                Opinion of the Court                    7

### A.  The BIA Reasonably Interpreted the INA.

We begin with the legal question of whether, under the INA, we look to the age of a qualifying relative at the time the IJ adjudicated the noncitizen's application or at the time the application was filed to determine if she was a "child." In this case, the BIA, applying a prior precedential decision, determined that we look to the relative's age at the time of adjudication, not the time of application. We must "defer to the BIA's interpretation of a statute" so long as it is "reasonable" and "does not contradict the clear intent of Congress." *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984)).

Under *Chevron*, "[w]hen a court reviews an agency's construction of the statute which it administers . . . [and] the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 842–43. "In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* at 844. But if Congress has written clearly, then our inquiry ends and "we must give effect to the unambiguously expressed intent of Congress." *Hylton v. U.S. Att'y Gen.*, 992 F.3d 1154, 1158 (11th Cir. 2021) (internal quotation marks omitted). The Supreme Court has further instructed that the "principles of Chevron deference are applicable" to the BIA "as it gives ambiguous statutory terms concrete meaning

8                     Opinion of the Court                    20-14297

through a process of case-by-case adjudication." *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999) (internal quotation marks omitted).[4]

Applying the *Chevron* framework, we begin by asking whether Congress "directly spoke[] to the precise question at issue": what time period does the agency look to when determining whether a relative qualifies as a "child." *See Chevron*, 467 U.S. at 842. We independently examine the statute to determine if it answers this question. *Hincapie-Zapata v. U.S. Att'y Gen.*, 977 F.3d 1197, 1200 (11th Cir. 2020). We start with the plain language of the statute and use our traditional tools of statutory construction, including the canons of construction, to see if the statute has a plain meaning. *Hylton*, 992 F.3d at 1158; *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1088–89 (11th Cir. 2018). "In considering the text, we bear in mind that a provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme." *Id.* at 1088 (alteration adopt-

---

[4] Here, the BIA issued a non-precedential, single-member decision. We have recognized that such a decision generally is not entitled to *Chevron* deference unless the BIA rested its decision on "existing BIA or federal court precedential decisions." *Quinchia*, 552 F.3d at 1258. Because the BIA's determination that it looks to a relative's age at the time the application for cancellation of removal was adjudicated, not when the application was filed, rested on an earlier, precedential BIA decision, the BIA's decision in this case may be afforded *Chevron* deference.

20-14297          Opinion of the Court          9

ed) (internal quotation marks omitted). And so we look at the "whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006).

After reviewing the statutory text, we cannot say that the INA speaks directly to the issue before us. The text sheds little light on the time frame question; the statute simply does not specify whether the agency should use a relative's age at the time the application was filed or when it was adjudicated to determine whether the relative qualifies as a "child." *See* 8 U.S.C. § 1229b(b)(1)(D). The qualifying-relative provision says that the noncitizen must establish that "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent or child" who is a United States citizen or a legal permanent resident. *Id.* There is no time-based language here.

Other provisions in the INA do not directly answer the question either. For example, the INA provision defining the term "child" directs that we must consider a relative's age to determine if she is a child. But it provides no direction on at what point in time the agency should measure the relative's age. *See* 8 U.S.C. § 1101(b)(1) (defining child as "an unmarried person under twenty-one years of age"). Because the statute does not directly address the question before us, we turn to step two of *Chevron*.

At step two, we consider whether the BIA's interpretation is based on a permissible construction of the statute. In this case, the BIA, relying on its earlier precedential decision in *Matter of*

*Isidro-Zamorano*, determined that a relative's age at the time the application was adjudicated should be used to determine whether the relative qualifies as a "child." 25 I. & N. Dec. 829 (BIA 2012). In *Isidro-Zamorano*, the noncitizen applied for cancellation of removal, arguing that his United States citizen son was a "child" under the INA and thus a qualifying relative. *Id.* at 829–30. When the noncitizen filed his application, his son was under 21 years old, but by the time the IJ adjudicated his application, his son was over 21. *Id.* at 830. The IJ determined that the son could not be a qualifying relative and denied the noncitizen's application. *Id.* The BIA agreed that the son was no longer a qualifying relative when the IJ adjudicated the noncitizen's application and dismissed the appeal. *Id.* at 831–33.

The BIA noted its rule that an application for cancellation of removal is a continuing application, which affects timing requirements for two provisions. *Id.* at 830–31 (citing *Matter of Bautista Gomez*, 23 I. & N. Dec. 893, 894 (BIA 2006)). To be eligible for cancellation of removal, the noncitizen must show that he has a good moral character. 8 U.S.C. § 1229b(b)(1)(B). This provision also lacks a timing requirement. *See id.* Regardless, the IJ determines good moral character at the time of adjudication, not at the time of application. *See Bautista Gomez*, 23 I. & N. Dec. at 894. Giving the applicant 10 years "calculat[ing] backward from the date on which the application is finally resolved" to establish good moral character serves the purpose of giving him time for his "bad act [to] fade in significance." *Matter of Ortega-Cabrera*,

23 I. & N. Dec. 793, 797 (BIA 2005). Similarly, giving the applicant until the time of adjudication to find qualifying relatives makes it possible to use "the birth of a United States citizen child, marriage to a lawful permanent resident or citizen, or a serious accident or illness involving a qualifying relative" as the basis for cancellation of removal. *Bautista Gomez*, 23 I. & N. Dec. at 894.

Reasoning that "the issues of good moral character and qualifying relatives are properly considered at the time an application . . . is decided," the BIA concluded that the applicant in *Isidro-Zamorano* had no qualifying relative at the time of adjudication and "therefore could not establish eligibility for relief." *Isidro-Zamorano*, 25 I. & N. Dec. at 830–31 (citing *Bautista Gomez*, 23 I. & N. Dec. at 894–95). The BIA recognized that this interpretation of the statute could help some applicants and hurt others, especially those in the "difficult situation" where the noncitizen "loses his qualifying relationship before his application is even adjudicated on its merits"—which is precisely what happened to Espinoza-Solorzano.[5] *See id.* at 831. It found "no basis in law" to conclude that an applicant who loses his qualifying relationship before ad-

---

[5] In *Isidro-Zamorano*, the BIA emphasized that the case before it did not involve an "undue or unfair delay in the course of the[] proceedings." 25 I. & N. Dec. at 832. Although Espinoza-Solorzano's application for cancellation of removal remained pending for more than seven years, the record reflects that he requested several extensions to resolve state criminal charges and then to pursue the possibility of getting a derivative U-visa. He has not argued that the BIA or IJ unduly or unfairly delayed his proceedings.

judication "nonetheless retains his eligibility for cancellation of removal." *Id.* We cannot say that this determination was unreasonable. The BIA could reasonably interpret the qualifying-relative requirement like the good-moral-character requirement and find that the noncitizen must show that he has a qualifying relative—and that this relative is the correct age—at the time of adjudication.

## B. The BIA Properly Focused on Espinoza-Solorzano's Daughter's Chronological Age.

We now turn to Espinoza-Solorzano's claim that the BIA should have applied an exception and treated his daughter as a child because she has an intellectual disability and remains "mentally infirm" and reliant on him just like a child. Appellant's Br. at 8. This position is inconsistent with the text of the INA, which directs that we consider only a person's chronological age to determine whether she is a child.

Under the INA, the term "child" is defined as a person "under twenty-one years of age." 8 U.S.C. § 1101(b)(1). The statutory language unambiguously uses the length of time a person has been alive to measure her age. We know this because the ordinary meaning of "age" is "the length of life or existence from birth." *Age*, Merriam-Webster's Unabridged Dictionary, https://unabridged.merriam-webster.com/unabridged/age (last visited Oct. 28, 2021). Because the term "age" unambiguously refers to the length of time Espinoza-Solorzano's daughter had been alive, the BIA was right to consider her chronological age to de-

termine whether she was a child. To be considered a child and thus a qualifying relative, she needed to be under 21 years old at the time the IJ adjudicated her father's application; however, she was 22 years old. We agree with the BIA that Espinoza-Solorzano's argument that his 22-year-old daughter remains a qualifying relative despite her age is not supported by law. Thus, we deny his petition.

## IV.    CONCLUSION

For the foregoing reasons, the petition is denied.

**PETITION DENIED.**