**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MARTIN DELGADILLO-PACHECO,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 23-9572
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Mr. Delgadillo-Pacheco, a Mexican native and citizen, petitions for review of the

Board of Immigration Appeals' ("BIA") decision affirming the immigration court's denial

of (a) his request for a continuance and (b) his application for cancellation of removal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

He also challenges the BIA's denial of his motion for remand.  Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

## I.  BACKGROUND

For cancellation of removal, Mr. Delgadillo-Pacheco must show he (A) has been continuously present in the United States for at least 10 years preceding his application, (B) has good moral character, (C) has not been convicted of certain crimes, and (D) "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States."  Immigration and Nationality Act § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

This case concerns hardship, which must be "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here."  *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001) (en banc)).

### A.  *Immigration Court Proceedings*

In 2012, the Department of Homeland Security initiated removal proceedings against Mr. Delgadillo-Pacheco.  He conceded removability and applied for cancellation of removal under § 1229b(b)(1), claiming removal would impose hardship on his granddaughter.

At a March 12, 2019 merits hearing, Mr. Delgadillo-Pacheco moved for a continuance to pursue the adoption of his granddaughter.  His counsel explained that

- Mr. Delgadillo-Pacheco and his wife had initiated the adoption process in 2015.

- The background checks were completed in February 2018.

- "[T]he adoption had been filed," but the state court had no record of it.  A.R., Vol. I at 125.

- Mr. Delgadillo-Pacheco and his wife submitted another adoption application in February 2019.

- A magistrate was expected to review it "this Wednesday" and a "hearing should be scheduled in 60 days."  *Id.*

The immigration judge ("IJ") denied a continuance, finding lack of good cause because Mr. Delgadillo-Pacheco had "significantly delayed" pursuing adoption. *Id.* at 128.  The IJ pretermitted (denied) Mr. Delgadillo-Pacheco's application for cancellation of removal after finding that his granddaughter was not his "child" under § 1229b(b)(1)(D) because he had not adopted her.  *Id.* at 123, 128-29.

### B.  *Board of Immigration Appeals Proceedings*

Mr. Delgadillo-Pacheco appealed the IJ's decision to the BIA, challenging the IJ's ruling denying a continuance and requesting a remand for further factfinding.  On the continuance, he argued the IJ failed to consider relevant factors, assumed facts not in evidence, and injected personal views into the decision. Mr. Delgadillo-Pacheco said good cause supported a continuance because he had diligently pursued the adoption and "through no fault of his own the proceedings were delayed."  A.R., Vol. I at 26.

Mr. Delgadillo-Pacheco sought a remand to the IJ because the state court had approved the adoption of his granddaughter on September 23, 2019.  He argued that he was "not required to make a *prima facie* showing of eligibility" for cancellation of removal before the BIA remanded the case, "as the relief was already before the Court." *Id.* at 17.  "Nonetheless," he urged that he had a qualifying U.S.-citizen relative, had

continuously resided in the United States since 2001, had good moral character, and had not been convicted of a disqualifying offense. *Id.*

On July 6, 2023, a three-member BIA panel dismissed Mr. Delgadillo-Pacheco's appeal in relevant part.[1]

First, the BIA affirmed the IJ's denial of a continuance. It said the possibility that Mr. Delgadillo-Pacheco might become eligible for cancellation of removal based on an adoption was "speculation." *Id.* at 4. It noted the adoption proceedings had been "ongoing for several years and no indication was given with respect to when the final adoption decree may be issued." *Id.*

Second, the BIA said that because Mr. Delgadillo-Pacheco "had no qualifying relative at the time of his merits hearing," the IJ properly pretermitted his application for cancellation of removal. *Id.* It explained that the "adoption of his granddaughter was not final and thus the child was not considered a qualifying relative as she did not then meet the statutory definition of a 'child' for immigration purposes." *Id.*

Third, the BIA assumed that Mr. Delgadillo-Pacheco's granddaughter had become a qualifying relative as an adopted daughter but denied his motion to remand. It said the remand motion was "in the nature of a motion to reopen" because Mr. Delgadillo-Pacheco sought to introduce new evidence. *Id.* It denied the motion because he had not demonstrated his prima facie eligibility for cancellation of removal by "showing that his

---

[1] The BIA reversed the IJ's denial of voluntary departure. That issue is not before us.

4

adopted child would experience exceptional and extremely unusual hardship upon the respondent's removal from the United States." *Id.* at 5. Although the record indicated his adopted daughter had suffered from eczema and mild depression and was doing well in school, the BIA said that was insufficient to demonstrate exceptional and extremely unusual hardship beyond what would "normally be expected to occur" upon removal. *Id.* In addition, the BIA noted that Mr. Delgadillo-Pacheco's wife had also adopted the granddaughter, who was by then more than 18 years old.

## II. **DISCUSSION**

In his petition, Mr. Delgadillo-Pacheco argues the BIA erred in affirming the IJ's denial of his (A) motion for a continuance and (B) application for cancellation of removal. He further contends the BIA erred in denying his (C) motion to remand.[2]

We confine our review to the BIA's reasoned decision "and will not address the IJ's decision except where the BIA has explicitly incorporated his reasoning." *Luevano v. Holder*, 660 F.3d 1207, 1211 (10th Cir. 2011).

### A. *Denial of Continuance*

We review the BIA's affirmance of the denial of a continuance for abuse of discretion. *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011). Abuse of discretion occurs if the decision "rested on an impermissible basis," "was made without a

---

[2] The Government argues that Mr. Delgadillo-Pacheco failed to exhaust two of his arguments. But Mr. Delgadillo-Pacheco challenges only matters addressed in the BIA's decision. When the BIA "deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1120 (10th Cir. 2007).

rational[] explanation," or "inexplicably departed from established policies." *Id.* (alteration in original) (quoting *Nunez-Pena v. Immigr. & Naturalization Serv.*, 956 F.2d 223, 226 (10th Cir. 1992)).  We review the BIA's factual findings for substantial evidence.  *Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1245 (10th Cir. 2016).  Under that standard, the agency's factual findings are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

The party seeking a continuance must show good cause.  8 C.F.R. § 1003.29; *see Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (Att'y Gen. 2018).  When, as here, pending collateral relief is the basis for a continuance, the "principal focus" should be on "the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings."  *Matter of L-A-B-R-*, 27 I. & N. Dec. at 406.  When these primary factors weigh in favor of a continuance, the motion should be granted unless they are outweighed by "germane secondary factors," such as the petitioner's lack of diligence.  *Id*. at 415.  The BIA has "long held that continuances should not be granted when a respondent's collateral pursuits are merely speculative" which "forecloses the argument that any filing of a collateral petition that could conceivably provide relief from removal supplies good cause for a continuance." *Id*. at 414.

Mr. Delgadillo-Pacheco presents two arguments.  Both lack merit.

First, he argues the BIA failed to consider the *Matter of L-A-B-R-* primary factors, but it did.  It said the possibility that the collateral adoption proceedings might someday make Mr. Delgadillo-Pacheco eligible for cancellation of removal was "speculation."

6

A.R., Vol. I at 4.[3]  The BIA further determined that Mr. Delgadillo-Pacheco had failed to establish a prima facie case of exceptional hardship to his granddaughter, thus effectively addressing the primary factor that Mr. Delgadillo-Pacheco accuses it of ignoring:  the likelihood that the adoption proceedings would materially affect his cancellation application.

Second, Mr. Delgadillo-Pacheco argues the BIA factually erred when it found that "no indication was given with respect to when the final adoption decree may be issued." Pet'r's Br. at 16, 21 (quoting A.R., Vol. I at 4).  But Mr. Delgadillo-Pacheco's counsel indicated only that a hearing should take place within 60 days but never said how long it would take for the state court to rule on an adoption decree or how it would rule.  Also, the adoption proceeding had been pending for four years.  Applying the substantial evidence standard to the BIA's conclusion, we cannot say "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

For these reasons, the BIA did not abuse its discretion in affirming the IJ's denial of Mr. Delgadillo-Pacheco's motion for a continuance.

---

[3] Mr. Delgadillo-Pacheco's reliance on *Cabrera v. Garland*, 21 F.4th 878 (4th Cir. 2022), is misplaced.  In *Cabrera*, the IJ recognized that the petitioner was substantially likely to obtain a U visa, which would make her a lawful temporary resident for four years.  21 F.4th at 881, 884.  The Fourth Circuit held the BIA erred in affirming the IJ's denial of a continuance without discussing the primary factors. *Id.* at 883.  The court said the denial of a continuance is an abuse of discretion "when, as here, it relies solely on secondary factors." *Id.*  But, as noted above, that did not happen here.

B. *Pretermission of Cancellation*

Mr. Delgadillo-Pacheco next argues that the BIA abused its discretion when it affirmed the IJ's decision to pretermit his application even though he had acquired a qualifying relative by the time of the BIA's decision. He contends the BIA decision conflicts with *Matter of Bautista Gomez*, 23 I. & N. Dec. 893 (B.I.A. 2006). There, the BIA said an IJ erred by finding a petitioner statutorily ineligible for removal solely because he lacked a qualifying relative when served with a Notice to Appear ("NTA"). *Id.* at 894-95.

Mr. Delgadillo-Pacheco's argument lacks merit. Apart from the differences between an NTA and an IJ merits ruling and his undisputed lack of a qualifying relative during the IJ proceedings, the BIA assumed that he had acquired a qualifying relative during the BIA appeal but held he had failed to establish a prima facie entitlement to cancellation of removal. A.R., Vol. I at 5. It denied relief on that basis. *Id.*[4] We see no abuse of discretion.

C. *Remand Denial*

We review the denial of a motion to remand for abuse of discretion. *Galeano-Romero v. Barr*, 968 F.3d 1176, 1186 (10th Cir. 2020), *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209 (2024). As previously noted, the BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from

---

[4] Mr. Delgadillo-Pacheco also cites *Martinez-Perez v. Barr*, 947 F.3d 1273 (10th Cir. 2020), which, as relevant here, states only that the BIA may interpret § 1229b.

established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quoting *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004)). We apply a "deferential" standard when reviewing a BIA determination that a noncitizen has failed to establish a prima facie case of exceptional and unusual hardship to a family member. *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024).

Mr. Delgadillo-Pacheco challenges the BIA's remand denial on two grounds. Both fail.

First, he argues the BIA erred by "construing his motion for remand as a motion to reopen" and by requiring him to demonstrate a prima facia case of eligibility for cancellation. Pet'r's Br. at 25. He cites *Matter of Coelho*, 20 I. & N. Dec. 464 (B.I.A. 1992), in which the BIA said that "[w]here a motion to remand simply articulates the remedy requested by an appeal," the BIA treats it "as part of the appeal and do[es] not require it to conform to the standards for consideration of motions." *Id.* at 471. But then the BIA explained that "where a motion to remand is really in the nature of a motion to reopen . . . it must comply with the substantive requirements for such motions," and that a motion to remand is in the nature of a motion to reopen where the noncitizen seeks to introduce new evidence. *Id.* Because Mr. Delgadillo-Pacheco sought to introduce new evidence, the BIA did not err.

Second, he contends he made a prima facie showing that his "removal would result in exceptional and extremely unusual hardship to" his granddaughter/adopted daughter. 8 U.S.C. § 1229b(b)(1)(D). We disagree.

9

In *Matter of L-O-G-*, 21 I. & N. Dec. 413 (B.I.A. 1996), the BIA held that to establish prima facie eligibility for cancellation of removal, a petitioner must demonstrate "a reasonable likelihood that the statutory requirements for the relief sought have been satisfied," and "[i]t is not enough . . . simply to allege extreme hardship for reasons that will be explained at the reopened hearing." *Id.* at 418-19. Also, "the allegations of hardship that are made in a motion to reopen should be specific, not conclusory, and should be supported by evidence in the form of affidavits or other documentation." *Id.* at 418. The noncitizen must convince the BIA that "it would be worthwhile to develop the issues further at a plenary hearing on reopening." *Id.* at 419.

The BIA reasonably determined that Mr. Delgadillo-Pacheco had not demonstrated prima facie eligibility for cancellation of removal. Mr. Delgadillo-Pacheco argues here that after a 2014 injury, his spouse has been unable to work "the same" and that he is the primary breadwinner for his wife and granddaughter. Pet'r's Br. at 29-30. But his granddaughter is an adult now, A.R., Vol. I at 5, and he points to no evidence that she is unable to support herself financially.[5]

Mr. Delgadillo-Pacheco also notes that his granddaughter was "diagnosed with depression" and that "the psychological trauma of first being abandoned by her biological mother and then [by] Mr. Delgadillo Pacheco would likely compound and make [the

---

[5] To support that he is the family's breadwinner, Mr. Delgadillo-Pacheco cites to a report written when his granddaughter was in eighth grade. *See* Pet'r's Br. at 29-30 (citing A.R., Vol. I at 300-03).

granddaughter's] depression severe." Pet'r's Br. at 30. But the record shows the granddaughter exhibited mild symptoms of depression in middle school without a diagnosis. *See* A.R., Vol. I at 301 (licensed counselor concluding that the granddaughter "does not meet the diagnostic criteria for a mental health diagnosis"); *id.* at 423 (discussing the results of a routine depression screening and reporting "[i]nitial diagnosis: none"). As to the assertion that the granddaughter suffered "psychological trauma" from "being abandoned" by her birth mother, the granddaughter reported at age 14 that her birth mother lived with her and her grandparents and that she viewed her mother "like a sister or an aunt." *Id.* at 300-01.

Mr. Delgadillo-Pacheco fails to cite any BIA decision granting cancellation of removal on similar facts. The BIA reasonably determined that it would not be worthwhile to develop the issues further at a new evidentiary hearing. *See Matter of J-J-G-*, 27 I. & N. Dec. 808, 812-13 (B.I.A. 2020) (affirming denial of relief despite evidence that one of noncitizen's minor children had hypothyroidism, another had received counseling for behavioral problems, and a third had received counseling for anxiety and ADHD).

The BIA's denial of the remand motion was not an abuse of discretion.

## III. **CONCLUSION**

We deny the petition for review.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge