**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DE JESUS CERVANTES MEJIA, | No. 23-1735 |
| Petitioner, | Agency No. A203-714-651 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2025
Phoenix, Arizona

Before: W. FLETCHER, WALLACH**, and R. NELSON, Circuit Judges.

Jose de Jesus Cervantes Mejia petitions for review of a decision by the

Board of Immigration Appeals dismissing his appeal of an Immigration Judge's

order denying his applications for cancellation of removal and post-conclusion

voluntary departure. *See* 8 U.S.C. §§ 1229b(b)(1), 1229c(b)(1). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1. The agency did not err by denying Cervantes Mejia's application for cancellation of removal. By the time that the BIA adjudicated Cervantes Mejia's appeal, his daughter Yesenia was no longer a qualifying relative under 8 U.S.C. §§ 1101(b)(1) and 1229b(b)(1)(D). In *Mendez-Garcia v. Lynch*, we endorsed the BIA's theory, articulated in *Matter of Isidro-Zamorano*, that an application for cancellation of removal is a continuing one. 840 F.3d 655, 664–65 (9th Cir. 2016) (discussing *Matter of Isidro-Zamorano*, 25 I & N. Dec. 829 (BIA 2012)). Because the application is a continuing one, "the issue of qualifying relatives should properly be considered as of the time an application for cancellation of removal is finally decided," meaning "up to the time [the BIA] decide[s] an . . . appeal." *Matter of Bautista Gomez*, 23 I. & N. Dec. 893, 894 (BIA 2006). Accordingly, the BIA did not err in declining to consider hardship to Yesenia, who was no longer a child by the time the application for cancellation of removal was finally decided.

Nor did the agency err as it considered the relevant hardship factors individually and in the aggregate to Cervantes Mejia's qualifying family members. *See Figueroa v. Mukasey*, 543 F.3d 487, 497 (9th Cir. 2008). Under either an abuse-of-discretion standard or a substantial-evidence standard, the BIA did not err in concluding that the hardship to Cervantes Mejia's family members would not be "'substantially' beyond the ordinary hardship that would be expected when a close

family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 60, 62 (BIA 2001); *cf. Magana-Magana v. Garland*, 129 F.4th 557, 572 (9th Cir. 2025) (applying abuse of discretion framework in reviewing mixed question of law and fact); *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (same). And, putting to one side the background presumption that the agency thoroughly reviews and appropriately considers all record evidence, *see Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019), the IJ "expressly cited and applied *Monreal* in rendering its decision, which is all" we require for the cumulative analysis, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

2. Likewise, the agency did not err by declining to allow Cervantes Mejia to voluntarily depart from the country upon the conclusion of the proceedings. The agency correctly applied the appropriate legal standard: Cervantes Mejia failed to satisfactorily explain the disposition of a prior arrest, and the BIA correctly concluded that this failure was fatal because it was Cervantes Mejia's burden to establish eligibility for the relief he sought. *See Matter of Arguelles-Campos*, 22 I. & N. Dec. 811, 816–17 (BIA 1999). And to the extent that Cervantes Mejia argues that the agency was wrong not to grant voluntary departure as a matter of discretion, this court lacks jurisdiction to do disturb such a decision. *See Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024).

3. Finally, the agency did not deprive Cervantes Mejia of due process

during the proceedings.  Nothing about his proceedings—including the IJ's limiting of his testimony and the testimony of his family—made the proceedings "so fundamentally unfair" that Cervantes Mejia "was prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (quotation omitted).

**PETITION DENIED.**